IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUSTIN MICHAEL RHODES                                              PLAINTIFF

v.                                       CIVIL ACTION NO. 1:18-CV-408-HSO-JCG

EVAN HUBBARD, et al.                                              DEFENDANTS

### REPORT AND RECOMMENDATION

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Justin Michael Rhodes. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed suit on December 27, 2018. Plaintiff has failed to prosecute and obey the orders of the Court; therefore, the undersigned recommends that the Complaint be dismissed without prejudice.

### DISCUSSION

Plaintiff filed suit against Evan Hubbard, Elaine Lege, Beth Victoriano, and Deborah Whittle alleging that they had violated his right to due process. On May 8, 2020, the Court entered an Order Setting Omnibus Hearing (ECF No. 33). Because it was returned with the annotation of "Inmate no longer here" (ECF No. 37), the Court canceled the hearing (ECF No. 38) and entered an Order to Show Cause (ECF No. 39) on May 21, 2020. Plaintiff was ordered to provide his current address and show cause why his case should not be dismissed for failure to prosecute and abide by the Court's Orders. His response was due on or before June 18, 2020. After Plaintiff failed to respond, the Court entered a Second Order to Show Cause (ECF

1

No. 41) on June 24, 2020. Plaintiff's response was due on or before July 17, 2020. To date, Plaintiff has not responded to either Order to Show Cause.

The Court has the authority to dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has not responded to either of the Court's Orders to Show Cause (ECF Nos. 39 & 41). Plaintiff was repeatedly warned that his failure to abide by the Court's Orders or to advise the Court of a change of address would be deemed a purposeful and contumacious act by him that would result in the case

being dismissed (ECF Nos. 3, 4, 6, 11, 13, 16, 19, 21, 33, 39, & 41). Mail sent to the Plaintiff has been returned undeliverable four times (ECF Nos. 5, 37, 40, & 42). It is presumed that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the Court since January 15, 2020 (ECF No. 31). Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of

3

plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED,** this the 28th day of July, 2020.

                                            *s/ John C. Gargiulo*
                                            JOHN C. GARGIULO
                                            UNITED STATES MAGISTRATE JUDGE